## GOODYEAR TIRE & RUBBER CO., Inc. v. LINSCOMB et al.

### No. 6383.

United States District Court
W. D. Missouri, W. D.

Dec. 28, 1951.

As Amended Jan. 10, 1952.

Henry Depping of Hogsett, Trippe, Depping, Houts & James, Kansas City, Mo., for plaintiff.

Fenton Hume, Walter Raymond, Kansas City, Mo., for defendants.

DUNCAN, District Judge.

Plaintiff is a corporation organized and existing under the laws of the State of Delaware, and licensed to do business in the State of Missouri. The defendants are residents and citizens of the State of Missouri.

Prior to March 15, 1950, the Adams Transfer & Storage Company owned a building located at 801 Armour Boulevard in North Kansas City, Missouri, which it had rented to the plaintiff for the purpose of storing automobile and truck tires and tubes manufactured by the plaintiff and bearing its name. On that date a large part of said building was destroyed by fire and most of the tires and tubes were either destroyed or damaged.

Subsequent thereto the plaintiff salvaged 47 carloads of tires and tubes from the

building, and caused them to be shipped to its home office in Akron, Ohio, where they were stored. This operation required approximately two weeks, and at the conclusion thereof, the plaintiff did not locate any further undamaged property in said building.

At the time of the fire the plaintiff had paid its rent for a period beyond the date of occupancy, and after its removal of the 47 cars of tires and tubes, since the building was no longer suitable for storage purposes, the plaintiff was relieved from paying further rent under the terms of the lease.

Plaintiff and the owner of said building then entered into an agreement under and by virtue of which the Adams Transfer & Storage Company retained the unearned rent for the balance of the month, and in consideration thereof, agreed to remove the debris resulting from the destruction of the tubes and tires, from the building.

During the month of April, 1950, the Adams Transfer & Storage Company sold the building and the land upon which it was located, to the defendants, and they took possession of the said premises. On May 13 the plaintiff advised the defendants that if, in the removal of the debris, any tires or tubes that were apparently first-class merchandise should be found, they wanted to be notified. The reason for this request was that plaintiff did not want such tires and tubes to come into the hands of the public for use, because of the probability of damage as a result of the heat and fire which would render them unserviceable and of inferior quality.

When the defendants began the operation of demolishing portions of the building and removing the debris, they found what appeared to be first class tires and tubes. Four additional carloads in all were found by defendants, and following a disagreement between plaintiff and defendants concerning the ownership of said tubes and tires, the plaintiff replevined them and they were shipped back to the plaintiff's home office in Akron, Ohio.

Defendants filed answer in which they claimed the ownership of the tires by reason of abandonment, asked for damages for the unlawful taking of same, for their return, or for an amount equal to the value thereof. The amount in controversy exceeds the sum of $3000.

## Findings of Fact

### I.

The court finds the further facts to be that on March 31, 1950, plaintiff vacated the building without discovering or knowing of the existence of the tires and tubes that were later replevined by it.

### II.

The court further finds that the debris on the floors under which the tires and tubes were found ranged in depth from 3 or 4 inches to four feet, and that the tires and tubes which were salvaged by defendants were under approximately four feet of debris, much of which consisted of tangled wires that had been a part of the tires that were burned.

### III.

The court further finds that it was not until after much of this portion of the debris had been removed by the defendants in their salvaging operation that they found what appeared to be first class merchandise, at the bottom of the piles of destroyed tires and tubes.

### IV.

The court further finds that a large portion of said merchandise so found was damaged by the heat, much of it visibly so.

### V.

Immediately upon being advised by defendants of the finding of said tires and tubes in the removal of the debris, the plaintiff claimed ownership thereof and asserted its title thereto. Defendants likewise claimed ownership and title to said tires and tubes.

### VI.

The court further finds that plaintiff had no intention of abandoning any tires and tubes which had the appearance of being first class merchandise, but which had been damaged by fire so as to be unsuitable for use, or which might constitute a hazard to

the public, or reflect upon the reputation of the plaintiff as a manufacturer of tires and tubes.

### VII.

Plaintiff did not at any time acquiesce in the defendants' claim of ownership of any of the tires and tubes.

### VIII.

In its agreement with the Adams Transfer & Storage Company, plaintiff did not intend to surrender title to any of said tires and tubes which were considered first class merchandise.

### IX.

The court further finds that plaintiff was not guilty of lack of due caution in failing to discover the tires buried beneath the debris at the time it vacated the building; that it had no knowledge of the existence of any additional tires and tubes, and did not intend to, and did not abandon them.

### X.

The court further finds that the defendants incurred extra expense in the salvaging of the said tires and tubes, and that the plaintiff is liable to the defendants therefor, and that the reasonable value of such service is $3000.

### Conclusions of Law

### I.

The court has jurisdiction of the subject matter and of the parties.

### II.

 The plaintiff did not abandon the tires and tubes in question.

### III.

Plaintiff did not transfer or lose title to said tires and tubes to defendants or to the Adams Transfer & Storage Co.

### IV.

Plaintiff at all times was the owner and entitled to possession of the tires and tubes.

### V.

Plaintiff is not estopped or barred from claiming any right, title and interest in and to the tires and tubes.

### VI.

Defendants are not entitled to recover damages because of plaintiff's recovery of said tires and tubes.

### VII.

■ Defendants are entitled to compensation in the sum of $3000 for their extra work in salvaging the tires and tubes in question for plaintiff.